<u>**NOT FOR PUBLICATION**</u>                                              [Docket No. 8]

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

SANKO MACHINERY CO., LTD.,      :
                                :
            Plaintiff,          :   Civil Action No. 07-4535 (RMB)
                                :
       v.                       :   **OPINION AND ORDER**
                                :
SCHMUCKER S.R.L.,               :
                                :
            Defendant.          :

This matter comes before the Court upon a motion to dismiss filed by Defendant Schmucker S.R.L. ("Schmucker"). Schmucker argues that this Court cannot exercise personal jurisdiction over it.

Briefly, Plaintiff Sanko Machinery Co., Ltd. ("Sanko")is the owner of U.S. Patent No. 5,822,949 for an invention entitled "Performance controller for Multiple Automatic Packing Machine." Sanko is a Japanese company whose products are distributed in the United States by Universal Synergetics, Inc. Of Marlton, New Jersey. Sanko has brought suit in this Court for patent infringement. Schmucker alleges that this Court cannot exercise personal jurisdiction over it because it does not have the systematic and continuous contacts with New Jersey or any contacts with New Jersey relating to the allegedly infringing machine.

There are two forms of personal jurisdiction that allow a district court in New Jersey to assert jurisdiction over a non-resident.  See, e.g., General Elec. Co. v. Deutz AG, 270 F.3d 144, 150 (3d Cir. 2001).  The first, general jurisdiction, exists where the defendant has systematic and continuous contacts with the forum state.  The second, specific jurisdiction, arises only when the plaintiff's claim is related to, or arises out of, the defendant's contacts with the forum state.  Id.  Schmucker argues that its sole contacts with New Jersey consist of entering into an importation and distribution agreement with a New Jersey-based distributor for the United States that has not sold a single Schmucker machine of any kind.  Further, Schmucker has suspended its limited efforts to sell the allegedly infringing machine.

Schmucker further argues that its sole indirect contacts with New jersey are limited to its distributor's possession of the machine for one week in New Jersey, the distributor's showing of that machine to one potential buyer, and the distributor's issuance of a few press releases.  None of these contacts, Schmucker argues, subject it to personal jurisdiction.

Plaintiff argues that it should be allowed to conduct discovery on this issue.  Specifically, Plaintiff contends that Schmucker's records indicate that in 2003 and 2004 Cavalla, Inc., a Schmucker distributor, offered spare parts to a company in New Jersey.  Plaintiff further points to Schmucker's website in which

it identifies MG America of Fairfield, New Jersey, as Schmucker's agent for the United States and Canada.  Plaintiff also provides a few examples of possible contacts with New Jersey by Schmucker. Plaintiff, however, argues that without discovery related to this issue, it is limited in opposing Schmucker's motion. Accordingly, Plaintiff seeks jurisdictional discovery.

     This Court agrees that Plaintiff should be afforded discovery on this jurisdictional issue.  Because there has been no discovery, this Court cannot find that Schmucker does not have the requisite systematic and continuous contacts or specific contacts with New Jersey.  Discovery will tell.

     For the foregoing reasons, the Defendant's motion will be denied without prejudice.  A scheduling conference shall be held on a date to be set by the Honorable Joel Schneider, at which time the parties shall address limiting initial discovery to the issue of personal jurisdiction described herein.

                                  s/Renée Marie Bumb
                                  RENÉE MARIE BUMB
                                  United States District Judge

Dated: February 29, 2008